UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
ARCHER WELL COMPANY, INC.,          :
                                    :
                Plaintiff,          :
                                    :   12-cv-06762 (JSR)
        -- against --               :
                                    :   Electronically Filed
GW HOLDINGS I LLC AND               :
WEXFORD CAPITAL LP,                 :
                                    :
                Defendants.         :
                                    :
-------------------------------------------------------- X

## DECLARATION OF MAX BOUTHILLETTE IN SUPPORT OF ARCHER'S MOTION FOR PARTIAL SUMMARY JUDGMENT

MAX BOUTHILLETTE declares under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. My name is Max Bouthillette. I am over the age of 18, of sound mind, and am fully competent to make this declaration. I have personal knowledge of the statements in this Declaration, and they are true and correct.

2. I am the Executive Vice President and General Counsel of Archer Well Company, Inc. ("Archer"), the plaintiff in the above-captioned case.

3. I personally participated in the negotiation and execution of the July 31, 2011 Purchase Agreement, amended on August 22, 2011, through which Archer purchased from GW Holdings I LLC ("GW Holdings") all of the issued and outstanding equity interests in the following five companies wholly owned by GW Holdings: (1) Great White Pressure Pumping LLC, (2) Great White Pressure Control LLC, (3) Great White Directional Services LLC, (4)

1

Diamondback-Directional Drilling LLC, and (5) Acid, Inc. (together, the "Great White Companies").

4. Exhibit A to this Declaration is a true and correct copy of a June 30, 2011 email that GW Holdings' investment bankers at Raymond James sent to Archer.

5. [Redacted] Archer bargained for GW Holdings to provide extensive representations and warranties, as reflected in Article III of the Purchase Agreement. [Redacted]

[Redacted]

6. [Redacted] Archer and GW Holdings executed a Purchase Agreement dated as of July 31, 2011 in which GW Holdings agreed to sell to Archer the Great White Companies for approximately $742 million. Exhibit B to this Declaration is a true and correct copy of the July 31, 2011 Purchase Agreement between GW Holdings and Archer, along with relevant schedules.

7. The Purchase Agreement did not condition the closing upon Archer completing any due diligence. Exhibit C to this Declaration is a true and correct copy of an August 16, 2011 letter that I received from Paul Jacobi of Wexford.

8. The Purchase Agreement at p. A-4 specifically defines "Buyer's Knowledge" as "the actual knowledge of Max Bouthillette or Christoph Bausch." Christoph Bausch is Archer's Executive Vice President and Chief Financial Officer. [Redacted]

[Redacted]

2

| |
|---|
| Redacted |

9. Shortly after the Purchase Agreement was signed, the capital markets declined significantly. As a result, on August 22, 2011, the parties executed an Amendment Agreement that reduced the purchase price from $742 million to $630 million and modified certain other contract provisions. Exhibit D to this Declaration is a true and correct copy of the Amendment Agreement. [Redacted] [Redacted] Exhibit E to this Declaration is a true and correct copy of the draft Amendment Agreement reflecting that addition. [Redacted] [Redacted]

10. Archer's acquisition of the Great White Companies closed on August 24, 2011. The Purchase Agreement obligated GW Holdings to confirm its warranties and representations at closing in an Officer's Certificate, a true and correct copy of which is attached to this Declaration as Exhibit F.

11. The Purchase Agreement establishes mutual indemnity rights should either party breach a representation, warranty, or covenant in the Agreement. To that end, Archer agreed to deposit $31,450,000 of the purchase price into an indemnity escrow account (the "Escrow Fund") at closing. The Escrow Fund was a set-aside fund from which any indemnity claims arising under the agreement were to be paid.

12. At closing, Archer, GW Holdings, and the Bank of New York entered into the Escrow Agreement establishing the Escrow Fund and terms governing its payment. Exhibit G to this Declaration is a true and correct copy of the Escrow Agreement. Archer then deposited

$31,450,000 into the Escrow Fund to be safeguarded and administered by the Bank of New York as escrow agent.

13.  Exhibit H and Exhibit I to this Declaration are true and correct copies of emails that I sent to GW Holdings and Wexford in October and November of 2011. Neither GW Holdings nor Wexford responded to these emails by offering to do anything to mitigate any losses that Archer might have suffered.

14.  Exhibit J to this Declaration is a true and correct copy of an email that I sent to GW Holdings and Wexford on December 8, 2011. Neither GW Holdings nor Wexford responded to this email by offering to do anything to mitigate any losses that Archer might have suffered.

15.  Redacted

Redacted

16.  Exhibit K to this Declaration is a true and correct copy of a claim notice that I sent to GW Holdings and Wexford on August 3, 2012. In accordance with Section 9.2(d)(i) of the Purchase Agreement, Archer delivered with the notice a copy of all reproducible evidence it had identified supporting the indemnification claims.

17.  Exhibit L to this Declaration is a true and correct copy of a letter that I sent to the Bank of New York on August 3, 2012.

18.  Exhibit M to this Declaration is a true and correct copy of an August 10, 2012 letter that GW Holdings sent me in response to my August 3, 2012 letter.

4

19. <u>Exhibit N</u> to this Declaration is a true and correct copy of a letter that I sent to GW Holdings and Wexford on August 17, 2012. Neither GW Holdings nor Wexford responded to my August 17, 2012 letter.

20. Redacted

Redacted

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Houston, Texas on April 11, 2013.

_____
Max Bouthillette